UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

CHARLESETTA O'NEAL: BEY,

                Plaintiff,

           - against -

MUNICIPAL CREDIT UNION; KAM WONG,
Chief Executive Officer; ROBERT LEE, Chief
Financial Officer; BERKMAN, HENOCH,
PETERSON, PEDDY & FENCHOL, PC;
STEVEN J. PEDDY, Chief Executive Officer;
and ALL AGENTS 1-99,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM & ORDER**

16 Civ. 438 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 0 1 2016 ★

BROOKLYN OFFICE

**ANN DONNELLY,** District Judge.

The unrepresented plaintiff[1] filed this action against the Municipal Credit Union (MCU); the Law Offices of Berkman, Henoch, Peterson, Peddy & Fenchel (Berkman Henoch); and additional individual defendants, seeking $3 million in damages, various forms of injunctive relief—including the filing of criminal charges—and a request that this Court "stop these abuses." For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction and for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. The plaintiff is granted leave to amend her complaint within thirty days, but may only do so as to her claims arising under the Federal Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act (RESPA). Amendment as to the other claims included in her complaint would be futile.

---

[1] The plaintiff objects to being described as "pro se."

1

## BACKGROUND

The complaint is mostly indecipherable. However, from the attachments to the complaint, it appears that the plaintiff was in default on her home loan, and that MCU sent her a notice on May 28, 2015 informing her that she could cure the default by making a payment of $9,089.29 by June 12, 2015. It seems that the plaintiff then commenced a letter campaign demanding that MCU furnish her with documents related to the home loan, and when MCU purportedly did not respond, the plaintiff sent a series of documents to MCU, including a "Certificate of Non-Response," an "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure and Counterclaim," a "Notice of Default in Dishonor," and an "Affidavit of Default and of Estoppel by Acquiescence." On October 2, 2015, a lawyer from Berkman Henoch wrote a letter informing the plaintiff that she owed a balance of $268,570.29 on her mortgage, and the law firm had been retained to collect the debt.

In her complaint, the plaintiff describes her mailings to MCU and complains that MCU did not respond to her demands within the time periods she requested. While she attaches at least some communications with MCU and Berkman Henoch, her complaint does not include copies of mortgage deeds, contracts, or other legal documents. Nor does the plaintiff describe the nature of the debt, her payment history, or collection on the loan.

The plaintiff alleges violations of the federal and state constitutions, the 1787 Treaty of Peace and Friendship, United Nations declarations, New York's Real Property Actions Law, as well as sections of the United States Code related to criminal laws, antitrust, labor unions, banking and commerce, real estate, credit protection, and the Internal Revenue Service. A section of the complaint entitled "Assignment of Error" alleges potential causes of action, including "conspiracy to subject the plaintiff to the Deprivation of Rights Secured by the

Constitution," "Racketeering through threat, coercion and duress," "Denial of Due Process," "Malicious Prosecution," "Fraud, False Swearing," "Intentional Infliction of Emotional Distress," "Perjury of Oath," and "Conspiracy."

The complaint suggests that this Court has jurisdiction because the suit is purportedly between citizens of different states (diversity jurisdiction), or in the alternative, because the action allegedly arises under the Constitution, laws, or treaties of the United States (federal question jurisdiction). For the reasons described below, I hold that the Court does not have jurisdiction over the plaintiff's lawsuit as currently framed.

## DISCUSSION

As an initial matter, documents filed by an unrepresented litigant are to be "liberally construed," and an unrepresented plaintiff's complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even so, if the court determines that it lacks subject matter jurisdiction, it has both the inherent authority and an obligation to dismiss the case. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

### I. JURISDICTION

Federal subject matter jurisdiction is available only when the plaintiff and all of the defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, or when a "federal question" is presented. 28 U.S.C. §1331. The plaintiff alleges both diversity jurisdiction and federal question jurisdiction, and I address each in turn.

Under the diversity statute, 28 U.S.C. § 1332, federal courts have jurisdiction over causes of action involving conflicts between residents of different states. In this case, complete

diversity does not exist, as the plaintiff and the defendants are all purported to reside in New York State. *See Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.") (quotation marks and citations omitted). Accordingly, the Court has no independent basis for jurisdiction over the plaintiff's state law claims.

Alternatively, federal question jurisdiction is "properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). The plaintiff's laundry list of statutes under the "Statement of Jurisdiction" fails to provide a basis for the Court's federal question jurisdiction. There does not appear to be any relation, nor does the plaintiff posit one, between a possible dispute over mortgage payments and any of the following: the 1787 Treaty of Peace and Friendship, the United Nations Rights of Indigenous Peoples, the United Nations Declaration of Human Rights, Title 22 of the United States Code, 28 U.S.C. § 1604, the Clayton Act (15 U.S.C. § 17), the Electronic Funds Transfer Act (15 U.S.C. § 1693l), and the Internal Revenue Code at 26 U.S.C. § 2032A(e)(11) and § 7701(b)(1)(B). The plaintiff likewise cites 42 U.S.C. Sections 1981, 1983, 1985, and 1986 (Civil Rights Acts) and portions of the United States Criminal Code; however, none of these provision cover her claims.

The plaintiff references in passing two other statutes that might actually relate to her purported grievance, though, as written, her complaint does not state a claim under either. She refers to the Federal Debt Collection Practices Act, 15 U.S.C. § 1692(e), which regulates debt collection practices and to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601(b), which applies to representations and processes involved in mortgage settlement proceedings. As currently presented, the complaint alleges no facts indicating that defendants violated either of

these provisions. However, in light of the fact that the plaintiff is unrepresented, I grant leave to amend the complaint to allege facts in support of potential claims under these Acts.

## II. RULE 8 PLEADING REQUIREMENTS

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

The plaintiff's complaint fails to conform to the dictates of Rule 8. The complaint neither attributes any specific prohibited act to any of the defendants nor identifies any legal harm to the plaintiff. The complaint alleges that the defendants failed to respond to the plaintiff's demands within specified time periods, but does not identify any legal entitlement. From the May 28, 2015 letter from MCU's Deputy General Counsel and the October 2, 2015 letter from Berkman Henoch, it seems that MCU holds a mortgage on the plaintiff's home and that the plaintiff is behind on her mortgage payments. It is not clear whether the defendants have instituted foreclosure proceedings or taken any other legal actions. Even if they have, no statement or document suggests that the plaintiff has suffered any legal injury as a result of any action by the

5

defendants.

### III. LEAVE TO AMEND

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). In light of the Court's duty to construe liberally complaints filed by unrepresented parties, the plaintiff is given 30 days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include specific factual allegations in support of those claims. The plaintiff must clearly identify each named defendant and state the specific allegations against each. The amended complaint must also demonstrate how the plaintiff was harmed by the defendants' actions. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this Order.

### CONCLUSION

The complaint as drafted fails to assert a valid basis for this Court's jurisdiction or otherwise conform with the dictates of Rule 8. Accordingly, the complaint is dismissed with leave to re-plead within 30 days. All further proceedings will be stayed for 30 days. If the plaintiff fails to file an amended complaint within the time allotted, judgment will enter dismissing this action for lack of subject matter jurisdiction.

Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      March 1, 2016